**UNITED STATES of America, Appellee,**

v.

**George THOMPSON, Defendant–Appellant.**

**No. 679, Docket 96–1390.**

United States Court of Appeals, Second Circuit.

Argued Dec. 3, 1996.

Decided May 7, 1997.

Martine M. Beamon, Assistant United States Attorney, New York City (Mary Jo White, United States Attorney for the Southern District of New York, Craig A. Stewart, Assistant United States Attorney, of counsel), for Appellee.

Steven M. Statsinger, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York City, for Defendant–Appellant.

Before VAN GRAAFEILAND, JACOBS, and CALABRESI, Circuit Judges.

JACOBS, Circuit Judge.

George Thompson appeals from a judgment of conviction in the United States District Court for the Southern District of New York (Sprizzo, *J.*) following his guilty plea to one count of bank fraud in violation of 18 U.S.C. § 1344. The court sentenced Thompson to eight months of imprisonment, five years of supervised release, restitution of $67,916.78, and the mandatory special assessment of $50. On appeal, Thompson contends that the district court erred by imposing restitution without considering certain of the mandatory factors set forth in 18 U.S.C. § 3664(a), specifically Thompson's financial condition and the effect of the restitution order on his dependents.

We review for abuse of discretion a district court's order of restitution. *United*

*States v. Lavin,* 27 F.3d 40, 42 (2d Cir.), *cert. denied,* 513 U.S. 976, 115 S.Ct. 453, 130 L.Ed.2d 362 (1994). Although Thompson did not object to the restitutionary order, this is no bar to appellate review because improperly ordered restitution constitutes an illegal sentence amounting to plain error. *United States v. Mortimer,* 52 F.3d 429, 436 (2d Cir.) (citation omitted), *cert. denied,* —— U.S. ——, 116 S.Ct. 208, 133 L.Ed.2d 141 (1995).

 Before a court may impose restitution it must consider "the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. § 3664(a).[1] Although the district court need not set forth detailed findings, we will vacate a restitution order if the record does not reflect that the court considered these mandatory factors. *United States v. Giwah,* 84 F.3d 109, 114 (2d Cir.1996); *United States v. Soto,* 47 F.3d 546, 550–51 (2d Cir.1995). We vacate the district court's restitution order and remand to the district court for reconsideration because the court did not link its restitution order to any of the factors in 18 U.S.C. § 3664(a).

 The government argues that we should infer from various portions of the sentencing record that the district judge considered these factors. The government highlights the discussion of the § 3664(a) factors in Thompson's Pre–Sentence Report ("PSR"), but acknowledges that "[e]ven if the PSR adequately considers the § 3664(a) factors, that fact alone is not enough to insulate a restitution order from being vacated by this court." *Giwah,* 84 F.3d at 114. Rather,

"[w]e require an affirmative act or statement allowing an inference that the district court in fact considered" the mandatory factors. *Soto,* 47 F.3d at 551. To fulfill that requirement, the government points to the following acts: (1) the district court's adoption of the factual findings of the PSR in conjunction with the court's adoption of the PSR recommendation as to the amount of restitution, but on different terms than those of the PSR; and (2) the decision not to impose a fine because of Thompson's inability to pay. We are unpersuaded.

In *Soto,* we explained that "[a]doption by a district court of a PSR that adequately sets forth the statutory factors tends to support a finding that the court in fact considered the mandatory factors." *Soto,* 47 F.3d at 551; *see also United States v. Coleman,* 9 F.3d 1480, 1486 (10th Cir.1993) ("We are satisfied that the appropriate factors have been considered when such factors are detailed in the presentence report that the district court has adopted...."); *United States v. Molen,* 9 F.3d 1084, 1086 (4th Cir.1993) ("[A] district court may meet these requirements by adopting a presentence report that recites adequate recommended factual findings."). We further stated, however, that "[w]e need not decide whether adoption of a PSR alone would meet our requirement that the record as a whole reflect a district court's consideration of the factors because, in this case, the PSR was not adopted." *Soto,* 47 F.3d at 551. The same is true of the case before us. Judge Sprizzo did not adopt the factual findings of the PSR on the record; he merely stated that he had read the report. On the judgment form, a box was checked to indicate the court's adoption of the factual findings in the PSR, but this does not indicate

---

1. The Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663 et seq., was significantly modified by the passage of the Mandatory Victims Restitution Act of 1996 ("MVRA"), which was enacted as Title II, Subtitle A of the Antiterrorism and Effective Death Penalty Act of 1996. We do not apply the new amendments in this case. Title II provides that the amendments made in the MVRA "shall, to the extent constitutionally permissible, be effective for sentencing proceedings in cases in which the defendant is *convicted* on or after the date of enactment of this Act [April 24, 1996]." *See* 18 U.S.C. § 2248 (statutory notes) (emphasis added). It is not entirely clear whether, for purposes of the MVRA, Thompson was "convicted" at the time of his guilty plea (before the MVRA became effective) or at the time of his sentencing (after the statute's effective date). The parties agree, however, that even if the MVRA was in effect when Thompson was convicted, application of the new amendments to this case would be barred by the *ex post facto* clause of the United States Constitution. U.S. Const. art. I, § 9, cl. 3. *See Lynce v. Mathis,* —— U.S. ——, ——, 117 S.Ct. 891, 896, 137 L.Ed.2d 63 (1997). We concur in this view, and will therefore not consider application of the new amendments to Thompson.

that the factors were considered in imposing restitution.

The government notes that although the PSR called for restitution at a rate of 10% of Thompson's income, the district court made no mention of this recommendation and merely imposed the entire amount to be paid during the course of Thompson's five-year supervised release. But we do not see how this deviation from the PSR is an affirmative indication that the district court considered the mandatory factors. It may indicate that the factors were considered, or it may not.

As to the government's reliance on the court's decision to impose no fine, nothing in the sentencing transcript addresses the appropriateness or amount of a fine. The decision of whether to impose a fine does not in itself constitute the requisite affirmative act or statement capable of supporting the needed inference. Although another box was checked on the judgment form indicating that a *fine* would not be imposed because of inability to pay, we decline on that basis to draw an inference that the court considered ability to pay in ordering restitution. *See Soto,* 47 F.3d at 551 (declining to infer that court had considered defendant's ability to pay from district court's decision not to impose a fine, where the court made no statement that it declined to fine because defendant was unable to pay both restitution and fine).[2]

The government also argues that the colloquy at sentencing between the district court and counsel reflects sufficient consideration of the statutory factors to support the restitution order. In the context of a requested downward departure motion, the government informed Judge Sprizzo that Thompson has a net worth of $13,200 and owns a home with $49,000 in equity. Defense counsel advised the court that Thompson has a wife who is unable to support the family. In denying the motion, the district court stated that "these are not exactly poor people," and that "[t]his is a man with a few bucks, he has a house, he has a good family situation, he has a job

where he is making $40,000 or $50,000 a year."

Reading the sentencing transcript as a whole, we are not persuaded that the statements made in the course of discussing the downward departure motion allow an inference that the district court considered the mandatory factors in imposing restitution. Judge Sprizzo's comments explain his disinclination to depart downwardly for someone who had stolen money notwithstanding a good job and a decent living: thus Judge Sprizzo concluded that this was a crime of "pure greed," not deserving of special leniency. The statements and arguments of counsel at sentencing, as well as the comments of the district court, speak insufficiently to the question of whether the appropriate factors were considered in the restitution determination.

Accordingly, we vacate the restitution order and remand to the district court for reconsideration in light of the factors set forth in 18 U.S.C. § 3664(a).

VAN GRAAFEILAND, Circuit Judge, concurring in result:

I concur in my colleagues' decision to remand for resentencing, but not for the reasons expressed in the majority opinion. My reading of the record satisfies me that the experienced district judge considered the restitution factors prescribed in 18 U.S.C. § 3664(a). However, it is settled law in this Circuit that a sentencing judge may not assign to the probation department the responsibility of scheduling installment restitution payments. *See, e.g., United States v. Khan,* 53 F.3d 507, 519 (2d Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 697, 133 L.Ed.2d 655 (1995); *United States v. Porter,* 41 F.3d 68, 71 (2d Cir.1994). Because that is what the district court did in the instant case, the error must be corrected.

---

**2.** The government relies upon our decision in *United States v. Mizrachi,* 48 F.3d 651, 657 (2d Cir.1995). However, in that case, the PSR contained detailed findings as to the defendant's financial condition and his ability to pay, *and* the district court *expressly discussed* those issues in the course of determining whether to impose a fine or costs of incarceration.