**UNITED STATES of America,
Appellee,**

v.

**David E. KINLOCK, Defendant–
Appellant.**

**Docket No. 97–1399.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 22, 1999.

Decided April 23, 1999.

298

J. Scott Porter, Syracuse, NY, for Defendant–Appellant.

Thomas Spina, Jr., Assistant United States Attorney, Northern District of New York (Thomas J. Maroney, United States Attorney), for Appellee.

Before: LEVAL and POOLER, Circuit Judges and CURTIN, District Judge.*

POOLER, Circuit Judge:

David E. Kinlock appeals from the June 30, 1997, judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*) sentencing him to twenty-seven months imprisonment for violating 18 U.S.C. § 1029(a)(2) and ordering restitution in the amount of $19,192.54, due and payable immediately. As a condition of supervised release, the district court ordered Kinlock to pay outstanding restitution in the amount of $100 per month or 10% of his gross income, whichever was greater. Kinlock asks that we vacate the restitution order because the district court failed to consider his financial situation and that of his dependents. Because the district court erred in ordering restitution due and payable immediately and failed to develop a schedule of payments for Kinlock's period of incarceration, we vacate the restitution order and remand for reconsideration thereof. The district court should order a reasonable payment schedule for Kinlock's term of imprisonment in addition to the schedule of payments during supervised release. However, the order must also provide that should Kinlock have the ability to pay restitution in full during the pendency of the restitution order[1], he must do so.

* The Honorable John T. Curtin, of the Western District of New York, sitting by designation.

1. We do not reach the issue of whether the Mandatory Victim Restitution Act (MVRA) ap-

## BACKGROUND

On March 18, 1997, pursuant to a written plea agreement, Kinlock waived indictment and pleaded guilty to an information which charged him with one count of credit card fraud in violation of 18 U.S.C. § 1029(a)(2) for impersonating his mother to secure and use credit cards from M & T Bank, Greenwood Trust & Co., Sears, and JC Penney. The district court sentenced Kinlock to twenty-seven months imprisonment and three years supervised release. Judge Kahn ordered restitution as follows:

> THE COURT: Further ordered you pay restitution in the total amount of $19,192.54 to the following:
>
> $8,021.29 to the M & T Bank;
>
> $5,248.88 to the Greenwood Trust Company;
>
> $3,517.60 to Sears;
>
> and $2,404.77 to J.C. Penney,
>
> Restitution is due and payable immediately. Payment is to be made to the U.S. Attorney's Office, Syracuse, New York,
>
> Upon release from imprisonment, you shall be placed on supervised release for a term of three years. While on supervised release ... you shall pay any outstanding restitution at the rate of $100 per month or 10 percent of your gross income, whichever is greater. . . .

The court did not impose a fine or the cost of incarceration and supervised release. Kinlock did not object to the restitution order at the time of sentencing.

Kinlock now appeals his sentence. Former appellate counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), seeking permission to withdraw as counsel. This court relieved him and appointed new counsel to address, among other things, whether the district court failed to consider the factors required by 18 U.S.C. § 3664(a) in setting terms for the payment of restitution.

## DISCUSSION

### I. Standards

 This court reviews an order of restitution for abuse of discretion. *See United States v. Thompson,* 113 F.3d 13, 14 (2d Cir.1997). Defendant's failure to object to the restitution order at the time of sentencing does not preclude appellate review because an improper order of restitution constitutes an illegal sentence and, therefore, plain error. *See United States v. Mortimer,* 52 F.3d 429, 436 (2d Cir.1995) ("*Mortimer I*").

In order to impose restitution as part of the defendant's sentence, the district court must first consider: 1) the amount of loss sustained by each victim as a result of the offense; 2) the financial resources of the defendant; 3) the financial needs and earning ability of the defendant and his dependents; and 4) any other factors which the court wishes to address. *See United States v. Giwah,* 84 F.3d 109, 114 (2d Cir.1996), citing former 18 U.S.C. § 3664(a), now codified at 18 U.S.C. § 3664(f)(1)(B)(2).[2] "If the record fails to

---

plies to this case (see below). However, we note that under the MVRA an order of restitution is considered a lien in favor of the United States which arises on entry of the judgment and continues for twenty years or until it is satisfied, remitted, set aside, or terminated. *See* 18 U.S.C. § 3664(m)(1)(A)(i); § 3613(f); § 3613(c). In cases in which the MVRA does not apply, a restitution order remains in effect until five years from the end of the term of imprisonment. *See* 18 U.S.C. § 3663(f)(2)(B).

2. Appellant urges us to consider whether the provisions of the MVRA, codified at 18 U.S.C.

§ 3663(a)(1)(B)(i), apply. The MVRA applies, to the extent constitutionally permissible, in cases where the defendant is convicted on or after April 24, 1996. *See* Pub.L. 104–132 § 211, 110 Stat. 1241. The parties dispute whether an application of MVRA would violate the Ex Post Facto Clause. Appellant acknowledges that he pleaded guilty pursuant to a plea agreement on March 18, 1997 and was sentenced on June 30, 1997, but claims that most of the offense conduct preceded MVRA's effective date. However, appellant admits that even if MVRA applies, the factors which

demonstrate that the court considered these mandatory factors, then this court will vacate a restitution order." *Id.*

■ While the district court need not make detailed factual findings on each factor, the record must demonstrate that the court considered the factors. *See id.* Moreover, "[e]ven if the [presentence report] adequately considers the [statutory] factors, that fact alone is not enough to insulate a restitution order from being vacated by this court." *Id.* Rather, "there must be an affirmative act or statement allowing an inference that the district court in fact considered the defendant's ability to pay." *Mortimer I,* 52 F.3d at 436 (quotations omitted).

■ The district court's consideration of the statutory factors is reviewed for abuse of discretion. *See Giwah,* 84 F.3d at 114. It is not an abuse of discretion to order an indigent defendant to pay full restitution. *See Mortimer I,* 52 F.3d at 436. "Even an indigent defendant may be subject to the duty to pay restitution when and if funds are eventually acquired." *Id.* However, the district court must consider the effect of a defendant's financial situation on his ability to pay the restitution immediately. *See Mortimer I,* 52 F.3d at 436 (holding that the district court abused its discretion by ordering immediate payment of restitution when the defendant filed a personal financial statement listing no assets.) Nevertheless, a defendant's present financial situation does not eviscerate the district court's discretion to order restitution. "[I]f full restitution is not ordered at the time of sentencing, an indigent defendant would evade the statutory purpose of making the victim whole in the event he should subsequently come into sufficient funds." *United States v. Atkinson,* 788 F.2d 900, 904 (2d Cir.1986). Finally, because the court must order restitution at the time of sentencing and the

defendant is under a continuing obligation to pay restitution as funds become available, the restitution order must contain a repayment schedule for the terms of both incarceration and supervised release. The district court may not delegate its authority to schedule restitution payments during the defendant's incarceration to the Bureau of Prisons, *see United States v. Mortimer,* 94 F.3d 89, 91 (2d Cir.1996) ("*Mortimer II* ") or the Probation Department, *see United States v. Porter,* 41 F.3d 68, 71 (2d Cir.1994).

## II. Application

■ First, we consider whether the sentencing court properly ordered restitution. Kinlock argues that his sentence should be vacated because the record does not reflect an "affirmative act or statement" from which we can infer that Judge Kahn considered the financial condition and earning potential of Kinlock and his spouse. According to Kinlock, neither the district court's refusal to impose a fine or costs nor its adoption of the PSR constitutes such an affirmative act or statement. Just after imposing restitution, Judge Kahn stated, "[a]fter considering your present financial condition and the period of incarceration just imposed, the Court does not impose any fine or cost of incarceration or supervised release." This refusal to impose a fine or costs supports an inference that the court considered Kinlock's ability to pay restitution. *See Mortimer I,* 52 F.3d at 436.

Furthermore, this court has held that the adoption of the PSR "tends to support a finding that the court in fact considered the mandatory factors." *Thompson,* 113 F.3d at 15 (quotation omitted). Here, we may infer that the court considered the statutory factors not only because the PSR, which the district court adopted by a preponderance of the evidence, con-

---

the district court must consider when ordering restitution are "substantially similar" to those outlined in its predecessor, 18 U.S.C. § 3664(a). Because we find that the factors

are the same in either case, we need not reach the question of whether MVRA applies in this case.

tained six paragraphs detailing Kinlock's financial situation, ability to pay, family income, financial needs and the needs of his dependents, but also because the court specifically commented on Kinlock's family expenses and his earning potential. The court referred to Kinlock's situation as "especially unfortunate because the defendant has a wife [and child]." With respect to Kinlock's future ability to pay, Judge Kahn stated, "Obviously, you are bright, you've got talent and you can succeed honestly in life." These remarks indicate that the restitution order was a proper exercise of discretion. *See United States v. Lavin,* 27 F.3d 40, 42 (2d Cir.1994). Moreover, in his plea agreement, Kinlock agreed to pay full restitution. *See United States v. Mizrachi,* 48 F.3d 651, 657 (2d Cir.1995) (citing 18 U.S.C. § 3663(a)(3), authorizing the court to order restitution as agreed to by the parties in a plea agreement). Therefore, we find that the record on the whole permits a reasonable inference that Judge Kahn considered the statutory factors in deciding to impose restitution.

■ Notwithstanding the sentencing court's obligation to consider the factors listed in 18 U.S.C. § 3664(a), we do not insist on any particular recitation of facts or references to the record. *See Mortimer I,* 52 F.3d at 436. Further, failure to make such a recitation or reference cannot be an adequate basis for appeal of an otherwise legal sentence.

■ Nevertheless, we are compelled to vacate the restitution order. The amount of the restitution ordered was $19,192.54. Kinlock's financial information indicated he had no assets. Kinlock was, furthermore, in prison without ability to improve his financial condition. He was therefore incapable of making payment immediately.

The Court nonetheless ruled that "Restitution is due and payable immediately." In our view, given the statutory obligation to consider the defendant's financial resources, it was not permissible to order immediate payment when it was impossible for the defendant to comply with the order.

■ While the defendant's present indigence precludes immediate payment of restitution, this does not excuse Kinlock from paying restitution in the event that he has the future ability to do so.[3] *See id.* When restitution cannot be paid immediately, the sentencing court must set a schedule of payments for the terms of incarceration, supervised release, or probation. While we recognize the difficulty the district court may encounter in fashioning a precise dollar amount for the period of incarceration, a payment schedule expressed as a percentage of the defendant's monthly income while incarcerated, e.g. 10% of monthly income, is satisfactory. We have also noted that district courts may "properly draw upon the [Inmate Financial Responsibility Program] guidelines stated in the Code of Federal Regulations in fashioning an order of restitution that specifies the amounts to be paid, so long as discretionary authority to depart from the court's order is not vested in prison officials." *Mortimer II,* 94 F.3d at 91, n. 2. In this case, we conclude that Kinlock is obliged to pay the full amount of restitution when and if he acquires sufficient funds during the pendency of the restitution order. Because that time is not now, the district court should develop a reasonable payment scheme for his term of incarceration as well as supervised release.

## CONCLUSION

We have considered appellant's remaining contentions and find them to be with-

3. While we do not reach the issue of whether the MVRA applies to this case, we recognize that with respect to restitution orders in convictions entered on or after April 14, 1996, 18 U.S.C. § 3664(n) provides that "If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n).

out merit. For the foregoing reasons, we vacate the district court's restitution order and remand for proceedings consistent with this opinion.