**UNITED STATES of America,**
**Appellee,**

v.

**Gary KOWALEWSKI, Defendant–**
**Appellant.**

**Docket No. 00–1493.**

United States Court of Appeals,
Second Circuit.

April 5, 2001.

Roger W. Wilcox, Jr., Lipsitz, Green Fahringer, Roll, Salisbury & Cambria LLP; Shannon M. Heneghan, on the brief, Buffalo, NY, for appellants.

Kathleen M. Mehltretter, Assistant United States Attorney, on behalf of Denise E. O'Donnell, United States Attorney of the Western District of New York, Buffalo, NY, for appellee.

Present McLAUGHLIN, STRAUB, Circuit Judges, and KORMAN,* District Judge.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED in part, VACATED in part and REMANDED.

Defendant–Appellant Gary Kowalewski appeals from a judgment entered January 19, 2000, following his guilty plea, in the United States District Court for the Western District of New York (John T. Elfvin, *Judge*), sentencing him to imprisonment for twelve months and a period of supervised release of three years. Kowalewski was also ordered to pay restitution in the amount of $21,776.46. Kowalewski appeals the restitution portion of his sentence.

The facts in this case are not in dispute. Between July 1, 1994 and September 30, 1994, Kowalewski was in charge of a business known as Twin City Electric Motor Service. In July of 1994, Kowalewski opened two bank accounts under the Twin City name at the Fleet Bank in Buffalo, New York. He also opened an account in his own name at the Canadian Imperial Bank of Commerce in Canada as well as at other banks in the Western District of New York. Kowalewski engaged in "check-kiting"; that is, he rotated checks between the Canadian account and the Fleet accounts in order to maintain an artificially high balance. Kowalewski would then write checks to cash or to third parties to cash on one of the Fleet accounts. As a result, Kowalewski wrongfully obtained $21, 776.46 from Fleet Bank. On October 29, 1999, Kowalewski pled guilty pursuant to a plea agreement to a one-count superseding information alleging bank larceny in violation of 18 U.S.C. § 2113(b).

Kowalewski contends that the District Court erred when it ordered that the payment schedule for the restitution order be set by the Probation Department because this task is an element of sentencing and therefore a judicial function. He further claims that the District Court failed to consider the mandatory factors set forth in 18 U.S.C. § 3664(a) (1994).[1] Specifically, he submits that the District Court did not consider his ability to pay.

On the first issue, the government concedes that a payment schedule for a restitution order may not be delegated to a probation officer. *See, e.g., United States v. Porter,* 41 F.3d 68, 71(2d Cir.1994) (holding that a sentencing court may not authorize a probation officer to make post-

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

1. Kowalewski was sentenced under the 1994 version of the statute permitting a court to order restitution. This statute has subsequently been amended.

sentencing decisions regarding the amount of the restitution or the scheduling of installment payments). We therefore vacate this portion of the judgment and remand to the District Court so that it may set a payment schedule.

■ We are not persuaded, however, by Kowalewski's second argument.[2] We review a district court's restitution order under an "extremely deferential" abuse of discretion standard. *United States v. Giwah*, 84 F.3d 109, 114 (2d Cir.1996); *see United States v. Atkinson*, 788 F.2d 900, 902 (2d Cir.1986). To order restitution pursuant to 18 U.S.C. § 3664(a) (1994), a district court must consider certain factors, including: "the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. § 3664(a) (1994). "We do not insist on any particular recitation of facts or references to the record." *United States v. Kinlock*, 174 F.3d 297, 299–300 (2d Cir. 1999). Still, we require a mere demonstration or indication that the court did indeed consider the restitution factors. *Id.* at 300 (citing *Giwah*, 84 F.3d at 114).

In this case, all of the necessary information concerning Kowalewski's ability to pay was put before the District Court. It is evident in the record that the Court reviewed Kowalewski's presentence investigation report, which addressed these factors. The original report indicates a credit check revealing outstanding judgments, federal tax liens, a mortgage foreclosure, an arrears child support account, and outstanding credit card accounts. However, a revised presentence investigation report reveals that Kowalewski is currently paying child support. Moreover, when asked at sentencing if there was any objection to the report, his defense counsel asserted none. *See, e.g., United States v. Streich*, 987 F.2d 104, 107 (2d Cir.1993) (noting that a district court may regard allegations in the PSR as true if the defendant fails to contest them). Instead, Kowalewski and his counsel both asserted that Kowalewski is currently working two jobs, making $40,000 per year, and paying child support. During rehearing, his defense counsel indicated that Kowalewski is now current with all of his bills and child support payments. Additionally, we have held that "full restitution remains the norm.... When there is doubt about [the defendant's] ability to pay, the court should order full restitution." *United States v. Mattice*, 186 F.3d 219, 231 (2d Cir.1999) (quoting *Porter*, 90 F.3d at 68) (internal quotation marks omitted).

Under § 3664, the burden "of demonstrating the financial resources of the defendant and the financial needs of the defendant" rests on the defendant. 18 U.S.C. § 3664(d) (1994); *see also United States v. Zvi*, No. 99–1713, 242 F.3d 89, 100 (2d Cir.2001) (holding that in the absence of a defendant demonstrating a restricted future earnings potential by a preponderance of the evidence, a district judge may presume future earnings in ordering restitution). Kowalewski and his

---

2. Kowalewski desires to vacate his conviction and remand for re-sentencing *de novo*. However, even presuming the District Court erred, any failure on the part of a district court to make a specific finding "cannot be an adequate basis for appeal of an otherwise legal sentence." *United States v. Kinlock*, 174 F.3d 297 at 301. Furthermore, in his plea agreement, Kowalewski waived his right to appeal any sentence within or below the Guidelines range of 6 to 12 months. Because he was sentenced to 12 months, Kowalewski has waived his right to appeal and we need remand only for the establishment of a payment schedule.

counsel did not offer any information regarding the financial difficulties that a restitution order would pose. Neither Kowalewski nor his counsel made any representation that Kowalewski would be unable to pay restitution. The record reveals that Kowalewski's counsel repeatedly told the District Court all the information needed to evaluate the factors in § 3664(a). Moreover, his counsel stated that Kowalewski was "ready willing and able, to make payments now to pay restitution." Kowalewski and his counsel assured the District Court of Kowalewski's current stable financial situation as well as his plan to pay the restitution.

We conclude that the record reveals no indication that Kowalewski introduced any evidence of an inability to pay restitution and thus affirm the judgment of the District Court ordering restitution.

## CONCLUSION

For the reasons set forth above, we AFFIRM the judgment of the District Court ordering restitution pursuant to 18 U.S.C. § 3663. However, we VACATE the portion of its judgment ordering that the payment schedule be set by the Probation Department and REMAND to the District Court to set the payment schedule.