**UNITED STATES of America, Appellee,**

v.

**Ralph SERPICO, Defendant–Appellant.**

No. 00–1319.

United States Court of Appeals, Second Circuit.

Sept. 28, 2001.

David W. Windley, Esq., Brooklyn, NY, for appellant.

Jonathan S. Sack, Assistant United States Attorney; Loretta E. Lynch, United States Attorney for the Eastern District of New York, Cecil C. Scott, Assistant United States Attorney, on the brief, Brooklyn, NY, for appellee.

Present JOHN M. WALKER, JR., Chief Judge, PIERRE N. LEVAL and SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Defendant-appellant Ralph Serpico appeals from the April 20, 2000 judgment convicting him, pursuant to his plea of guilty, of one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 371 in connection with a scheme to fraudulently obtain mortgage loans. Serpico was sentenced to a term of imprison-

ment of 24 months, which he is now serving, 3 years of supervised release, $329,898.05 in restitution, a $5,000 fine, and a $50 special assessment.

On appeal, Serpico contends that the district court erred by (1) refusing to grant a downward departure on the basis of extraordinary family circumstances and (2) imposing restitution based on summary consideration, rather than detailed factual findings concerning Serpico's ability to pay restitution and the other factors mandated by 18 U.S.C. § 3664(a).

■ Since we find that Serpico waived his right to appeal the length of his sentence in his plea agreement, we do not reach the merits of Serpico's claim that the district court abused its discretion in declining to grant him a downward departure. "In general, a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed guideline range is enforceable." *United States v. Rosa*, 123 F.3d 94, 97 (2d Cir.1997) (collecting cases). Here, Serpico knowingly and voluntarily signed a plea agreement providing that he "will not file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a sentence within or below the range of imprisonment set forth in paragraph 2 [setting forth an estimated range of 27 to 33 months]." At his plea allocution, Serpico responded affirmatively to the district court's question whether he understood that, pursuant to his plea agreement, he would "giv[e] up [his] right to appeal to the Court of Appeals from any sentence [imposed by the district court], provided the jail term portion of that sentence is 33 months or less." After an unrelated downward adjustment, Serpico was sentenced to a 24 month term of imprisonment that was well below the agreed guideline range. The waiver in Serpico's plea agreement is thus enforceable.

■ Reviewing Serpico's challenge to the district court's restitution order for abuse of discretion, *see United States v. Kinlock*, 174 F.3d 297, 299 (2d Cir.1999), we find his claim to be without merit.

■ In imposing a sentence of restitution, a court must consider the following factors: "(1) the amount of loss sustained by each victim as a result of the offense; (2) the financial resources of the defendant; (3) the financial needs and earning ability of the defendant and his dependents; and (4) any other factors which the court wishes to address."[1] *Id.*

■ Contrary to Serpico's assertions, a district court is not required to make detailed factual findings concerning these factors. Rather, it is necessary only that the record contain "an affirmative act or statement allowing an inference that the district court in fact considered the defendant's ability to pay." *Id.* at 300 (quoting *United States v. Mortimer*, 52 F.3d 429, 436 (2d Cir.1995)) (internal quotation marks omitted).

■ Such an inference is warranted in the instant case. The district court was presented with ample information concerning Serpico and his family's financial condition in the letter submitted by Serpico's counsel in support of the grant of a downward departure, the Presentence Investigation Report, and Serpico's own statement at the presentencing hearing in response to the district court's proposed

1. Though the parties disagree over whether 18 U.S.C. § 3663(a)(1)(B)(i) or its predecessor 18 U.S.C. § 3664(a) is applicable, we need not decide the issue because the factors prescribed by both statutes are substantially the same. *See Kinlock*, 174 F.3d at 299 n. 2.

restitution order. Though the presence of this information, without more, would be insufficient to support an inference of consideration, *United States v. Thompson*, 113 F.3d 13, 15–16 (2d Cir.1997), the district court demonstrated its consideration of this information by referring to Serpico's "financial wherewithal" in connection with its decision to impose the minimum fine and subordinate payment of the fine to payment of restitution. *See Mortimer*, 52 F.3d at 436. Moreover, the district court ordered payment of only $50 a month during the term of Serpico's supervised release, a clear indication that the court had taken his financial situation into account.

Similarly, the district court's consideration and adoption of the loss figures in the Addendum to the Presentence Report also satisfied its obligation to consider the amount of loss sustained by each victim and to protect against double compensation to the victims. In fact, the amount of restitution awarded was confined to the losses of three victims and did not represent the total losses to all victims.

We have considered Serpico's other objections and find them to be without merit.

Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED.