UNITED STATES of America,
Appellee,

v.

David SALOMON, M&F Meat Products
Co., Defendants–Appellants,

Nicholas A. Penachio, Stuart Libertoff,
Alan R. Adelson, Thomas M. Ryan,
Arthur Bohrer, William Greenspan,
John Dicarlo, Frank H. Russo, Nick
Penachio Co. Inc., Irving, Libertoff
Inc., West Side Foods Inc. Dicarlo
Distributors Inc., FHR Inc. Defen-
dants.

Nos. 01–1549, 01–1554.

United States Court of Appeals,
Second Circuit.

Dec. 9, 2002.

John J. Powers III, Andrea Limmer,
Attorneys; (Rebecca Meiklejohn, Douglas
M. Tween, Mary Anne F. Carnival, Eliza-

beth Prewitt, on the brief); James M. Griffin, Deputy Assistant Attorney General; Charles A. James, Assistant Attorney General, Department of Justice, Washington, D.C., for Appellee.

Cathy Flemming, Idelle R. Abrams, Edwards & Angell LLP, for Defendant–Appellant Salomon; Harold J. Ruvoldt, Jr., Edwards & Angel LLP, for Defendant–Appellant M&F Meat Products Co., New York, NY, for Defendants–Appellants.

Present: CALABRESI, Circuit Judge and TRAGER, District Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Defendants–Appellants David Salomon and M&F Meat Products Co. ("Appellants") appeal from (i) a jury verdict of guilty on a one-count indictment for criminal conspiracy in violation of the Sherman Act, 15 U.S.C. § 1; (ii) the district court's (Chin, *J.*) denial of the defense's motions for dismissal of the indictment, mistrial, or acquittal as a matter of law (SA 60–68); and (iii) the district court's sentencing decision (JA 1727–51). Appellants challenge the trial conduct of the prosecution in several respects. Their complaints are not devoid of merit, but the district court handled the trial adeptly, and, on due consideration, we find no cause for reversal.

## I.

The most significant contentions on appeal pertain to the district court's decision not to order the government to grant immunity to defense witnesses Barash and Coelho. Without deciding whether under our "exceptional circumstances" test an order of immunization would have been appropriate, *see United States v. Diaz*, 176 F.3d 52, 115 (2d Cir.1999), we can say that the defendants were not prejudiced by the alternative solution that the court pursued, and so on this count their appeal must fail. With respect to Barash, the defense was presented with the choice of having him testify under immunity, introducing excerpts of his grand jury testimony, or receiving a missing witness instruction. The defense opted for the witness instruction, and, given its own decision, cannot now complain. As for Coelho, the defense has shown only that his testimony would have undermined statements by a government witness, Lempert, about a supposed Newark conspiracy.[2] Because the Newark dealings, if any, are peripheral to the indictment, we cannot say that the defense suffered prejudice. *Cf. Diaz*, 176 F.3d at 108 ("Suppressed impeachment evidence is material if the witness whose testimony is attacked supplied the only evidence linking the defendant(s) to the crime, or where the likely impact on the witness's credibility

---

* The Honorable David G. Trager, District Court for the Eastern District of New York, sitting by designation. The third judge assigned to the panel, the Honorable Pierre N. Leval, United States Court of Appeals for the Second Circuit, recused himself shortly before oral argument. The remaining panelists, who are in agreement, have decided the case pursuant to 2d Cir. R. § 0.14(b), which establishes a two-judge quorum. *See Murray v. Nat'l Broadcasting Co., Inc.*, 35 F.3d 45 (2d Cir. 1994) (handling recusal in this manner).

2. Appellants assert that Coehlo might also have testified as to the "circumstances of origination" of a $47,000 invoice that implicates the defendants in one of the bidding schemes. But from this bare assertion it does not follow that Coehlo's testimony about the invoice would be exculpatory, as the exceptional circumstances test requires. *See Diaz*, 176 F.3d at 115.

would have undermined a *critical element* of the prosecution's case.") (emphasis added, internal quotation marks and citation omitted).

## II.

■ Appellants also contest the wording of the district court's missing witness instruction, advancing the proposition that such a charge may not delegate to the jury the factual questions of "materiality" and "peculiar control." We have our doubts about this theory, as our caselaw seems to accord considerable leeway to the district judge in fashioning a missing witness charge. *See, e.g., United States v. Torres,* 845 F.2d 1165, 1170–71 (2d Cir. 1988). But we need not rule on the appellants' theory today, because the missing witness directive proposed at trial by the defense was not sufficiently different from the instruction issued by the court for the court's decision to have prejudiced the defense. Both left the question of materiality to the jury, and neither instruction contained a judicial finding that the government was in the best position to produce the witnesses. Where, as here, the defense had free reign to explain in its closing statement why the jurors should draw the defense's preferred inferences from the missing witnesses, we will not find prejudice without a more marked deviation between requested and actual jury instruction. *Id.*

## III.

■ Appellants' brief on appeal reiterates a host of arguments that the district court considered and rejected in denying the defense's motions for dismissal of the indictment, mistrial, or acquittal as a matter of law. These we also reject, substantially for the reasons stated by the court below. Finally, the appellants object to the district court's sentencing decision, principally because the district court allegedly did not properly hear out and account for the supposedly penurious condition of Salomon and M&F in imposing fines and restitution. But in waiving interest and making most of the restitution conditional, the court did make the requisite "affirmative act or statement [that] allow[s] an inference that the district court in fact considered the defendant's ability to pay," *United States v. Kinlock,* 174 F.3d 297 (2d Cir.1999), which is all that this court requires.

We have considered the appellants many remaining arguments, and deem them without merit. Accordingly, the judgment of the district court is AFFIRMED.