**UNITED STATES of America,**
**Appellee,**

v.

**Harka GURUNG, Defendant–Appellant.**

**Docket No. 02–1197.**

United States Court of Appeals,
Second Circuit.

Feb. 12, 2003.

872

Martin G. Goldberg, Franklin Square, NY, for Appellant.

Emily Berger, Assistant United States Attorney, Brooklyn, N.Y. (Roslynn R. Mauskopf, United States Attorney, and Steven L. D'Alessandro, Assistant United States Attorney, on brief), for Appellee.

Present: JACOBS, CALABRESI, and SOTOMAYOR, Circuit Judges.

*SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be **AFFIRMED,** except that as to restitution, we **REMAND** so that the district court shall, upon certain conditions and in further proceedings consistent with this order, vacate the order of restitution and impose a revised order of restitution.

Defendant-appellant Harka Gurung appeals from a judgment entered, after a jury trial, in the United States District Court for the Eastern District of New York (Korman, *C.J.*) on March 11, 2002, convicting him of money laundering and theft of government property, sentencing him to time served, and ordering him to pay restitution in the amount of $40,000. Gurung was subsequently deported to Nepal. On appeal, he argues that (1) he received ineffective assistance of counsel, (2) hearsay statements were improperly admitted into evidence in violation of the Sixth Amendment, (3) the evidence was insufficient to support his conviction for money laundering, and (4) the restitution order should be vacated because the court failed to consider mandatory factors relating to his financial circumstances.

1. Gurung claims his trial counsel failed unreasonably to investigate the fact that the government's informant and the recipient of the government's money had the same name. They only appeared to have the same name, however, due to an error in the trial transcript. Upon receiving Gurung's opening brief, the government successfully moved to correct the record pursuant to Fed. R.App. P. 10(e). Gurung's trial counsel was not deficient for failing to investigate a connection between these two men with different names, nor is there any reasonable probability the result of the trial would have been different had counsel done so. *See Strickland v. Wash-*

*ington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ 2. As to Gurung's Sixth Amendment right to confront witnesses, "[t]he crux of this right is that *the government* cannot introduce at trial statements containing accusations against the defendant *unless the accuser takes the stand* against the defendant and is available for cross examination." *Ryan v. Miller,* 303 F.3d 231, 247 (2d Cir.2002) (emphases added) (citing *Bruton v. United States,* 391 U.S. 123, 128, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968)). Here, a government agent testified that the investigation of Gurung began when a confidential informant told the government that Gurung had engaged in money laundering. Damaging as this hearsay may have been, the confidential informant was called to the stand to testify by Gurung. Gurung further complains that the district court admitted into evidence (a) the confidential informant's testimony that people in the Nepalese community knew and spoke of Gurung as a money launderer, and (b) a government agent's testimony that an intended recipient of the laundered money told the government he never received any money from Gurung. However, Gurung's own lawyer elicited this testimony, and Gurung had ample opportunity to confront and examine these witnesses. *Cf. United States v. Plitman,* 194 F.3d 59, 64 (2d Cir.1999) (holding that "defense counsel may waive a defendant's Sixth Amendment right to confrontation where the decision is one of trial tactics or strategy that might be considered sound").

3. When reviewing a conviction for sufficiency of the evidence, we "view the evidence in the light most favorable to the government, ... construe all permissible inferences in its favor, resolve all issues of credibility in favor of the jury's verdict, and uphold a conviction if any rational trier of fact could have found the essential elements of the charged crime beyond a reasonable doubt." *United States v. Reyes,* 157 F.3d 949, 955 (2d Cir.1998) (citations, alterations, and emphasis omitted). Gurung claims the evidence was insufficient to support his money laundering conviction because, in sentencing Gurung, the district court departed downward to time served after finding that "it's more likely than not that this was a rip off and not that he was laundering money." Sentencing Tr. at 21.

■ The district court's downward departure and the jury's verdict were not incompatible. The court found that Gurung's offense was outside the heartland of the money laundering statute because Gurung used the money for his own purposes rather than return it to the undercover agents. But the statute itself does not require the completion of the laundering cycle or the intent to do so. It is sufficient if the defendant "conducts or attempts to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity," with the intent "to conceal or disguise the nature, location, source, ownership, or control of [that] property." 18 U.S.C. § 1956(a)(3)(B). There was sufficient evidence for the jury to conclude that Gurung believed the agents gave him drug money, that he conducted an international financial transaction with the money, and that he intended to conceal its nature and source.

4. Because Gurung was convicted of laundering and stealing $40,000 provided by undercover government agents, full restitution was mandatory. *See* U.S.S.G. § 5E1.1(a)(1); 18 U.S.C. §§ 3663A(a)(1) & 3663A(c)(1); *United States v. Harris,* 302 F.3d 72, 75 (2d Cir.2002). Nonetheless, the district court must "specify in the restitution order the manner in which, and

the schedule according to which, the restitution is to be paid, in consideration of ... (A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; (B) projected earnings and other income of the defendant; and (C) any financial obligations of the defendant, including obligations to dependents." 18 U.S.C. § 3664(f)(2). "While the district court need not make detailed factual findings on each factor, the record must demonstrate that the court considered the factors." *United States v. Kinlock*, 174 F.3d 297, 300 (2d Cir.1999).

■ As the government concedes, nothing in this record indicates that the district court considered Gurung's financial circumstances in ordering full restitution without a payment schedule. This was reversible error. *See Harris*, 302 F.3d at 75; *Kinlock*, 174 F.3d at 299–301; *United States v. Thompson*, 113 F.3d 13, 15 (2d Cir.1997); *United States v. Giwah*, 84 F.3d 109, 114–15 (2d Cir.1996); *United States v. Mortimer*, 52 F.3d 429, 436 (2d Cir.1995); *United States v. Soto*, 47 F.3d 546, 551 (2d Cir.1995); *United States v. Tortora*, 994 F.2d 79, 81 (2d Cir.1993).[1]

Because Gurung's deportation prevents his presence at resentencing, and because the district court may not be able to resentence Gurung in his absence, *see* Fed. R.Crim.P. 43(a)(3); *United States v. Agard*, 77 F.3d 22, 24 (2d Cir.1996), we affirm the judgment entered against him and remand to the district court with instructions to vacate Gurung's sentence and resentence him if and when Gurung reenters the United States or waives his right to be physically present at resentencing. *See* 18 U.S.C. § 3742(f)(1) (where a sentence "was imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate"); *cf. United States v. Suleiman*, 208 F.3d 32, 41 (2d Cir.2000); *United States v. Londono*, 100 F.3d 236, 242 (2d Cir.1996).

This Court is "cognizant of the inconvenience this remand creates for the parties and the courts," *Giwah*, 84 F.3d at 115, and we note that "the government could avoid such inefficiencies by providing the sentencing judge, in open court, with a suggested rationale for imposing restitution." *Id.*

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED** and the case **REMANDED** so that the district court shall, upon certain conditions and in further proceedings consistent with this order, vacate the order of restitution and impose a revised order of restitution.

---

1. It appears that Gurung failed to challenge the restitution order at sentencing, but "failure to object to the restitution order at the time of sentencing does not preclude appellate review because an improper order of restitution constitutes an illegal sentence and, therefore, plain error." *Kinlock*, 174 F.3d at 299; *see also Thompson*, 113 F.3d at 14–15; *Mortimer*, 52 F.3d at 436; *Soto*, 47 F.3d at 550.