UNITED STATES of America,
Appellee,

v.

Wanda Fray FENRICH, Defendant–
Appellant.

Docket No. 01–1423.

United States Court of Appeals,
Second Circuit.

June 22, 2004.

Steven L. Keats (Lloyd P. Lederman, on the brief), Mineola, New York, for Appellant.

Debra D. Newman, Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, on the brief) for Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Brooklyn, New York, for Appellee.

Present: OAKES, RAGGI, Circuit Judges, and BUCHWALD,* District Judge.

## SUMMARY ORDER

Defendant–Appellant Wanda Gray Fenrich, who pleaded guilty to one count of unauthorized opening of United States mail in violation of 18 U.S.C. § 1703(b), appeals from so much of the district court's judgment of conviction as ordered her to pay $508,391 in restitution in monthly installments equal to 10% of her gross income. Fenrich did not object to the restitution order before the district court; nevertheless, she now asserts that

---

* The Honorable Naomi Reice Buchwald of the United States District Court for the Southern District of New York, sitting by designation.

the court committed plain error because it failed to consider the statutory factors outlined in 18 U.S.C. § 3664(a) (1995) (requiring consideration of such factors as the amount of loss and the defendant's financial resources, needs, and earning ability); *see United States v. Kinlock,* 174 F.3d 297, 299–300 (2d Cir.1999). We reject Fenrich's plain error claim.

In *United States v. Kinlock,* this court ruled that a "district court need not make detailed factual findings on each factor" specified in § 3664 as long as the record demonstrates that the court did consider the factors. 174 F.3d at 300; *see United States v. Giwah,* 84 F.3d 109, 114 (2d Cir.1996). Evidence that a "presentence report" prepared for the court "adequately considers the statutory factors" is not enough, by itself, to demonstrate the court's consideration. *Kinlock,* 174 F.3d at 300. There must be some "affirmative act or statement allowing an inference that the district court considered" the factors. *Id.* Most obviously, a statement by the district court that it was adopting the presentence report's findings as to the statutory factors would support the necessary inference. *See id.* at 300–01; *see also United States v. Thompson,* 113 F.3d 13, 15 (2d Cir.1997).

In this case, it is undisputed that the statutory factors pertinent to restitution were detailed in Fenrich's presentence report, but that the district court did not state, in so many words, that it was adopting the report's § 3664(a) findings. Nevertheless, such an inference can fairly be drawn from the totality of circumstances. At sentencing, the district judge stated that he had reviewed the presentence report "many, many times," marking relevant sections. Sent. Tr., June 6, 2001, at 3; Sent. Tr., July 13, 2001, at 8. [A 77,101] More to the point, the district court's colloquy with the prosecutor and defense counsel demonstrated its keen awareness of statutory factors relevant to a restitution order; it discussed the amount and sources of Fenrich's financial assets, as well as discrepancies regarding the amount of loss. *See* Sent. Tr., July 13, 2001, at 6–11. [A 99–104] This suffices to refute Fenrich's claim of plain error.

Accordingly, the district court's order of restitution in the July 13, 2001 judgment of conviction is hereby AFFIRMED.