UNITED STATES of America, Appellee,

v.

Clifford E. HOTTE, Defendant–Appellant.

No. 08–3115–cr.

United States Court of Appeals, Second Circuit.

July 16, 2009.

Beth P. Schwartz, Assistant United States Attorney, (Peter A. Norling, Assistant United States Attorney, on the brief), for Benton J. Campbell, United States Attorney, Eastern District of New York, Brooklyn, NY, for Appellee.

Clifford E. Hotte, Centerport, NY, pro se.

PRESENT: ROSEMARY S. POOLER, B.D. PARKER, and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Clifford E. Hotte appeals from an order of the district court denying his motion for a writ of error *coram nobis*. The Government contends that the district court did not err in refusing to grant *coram nobis* relief, because Hotte failed to provide sound reasons for his delay in challenging the restitution order and to show that the circumstances require granting the writ to achieve justice. We assume the parties'

familiarity with the facts, proceedings below, and specification of issues on appeal.

The district court's ultimate decision to deny the petition on the ground that Hotte failed to demonstrate "sounds reasons" for the delay is reviewed for abuse of discretion. *Foont v. United States*, 93 F.3d 76, 79 (2d Cir.1996). We conclude that the district court did not abuse its discretion in determining that Hotte failed to demonstrate sound reasons for the delay in seeking relief. Hotte claims that the delay was due to his counsel's ineffectiveness in failing to challenge the use of the Victim and Witness Protection Act ("the VWPA"), 18 U.S.C. § 3663 *et seq.*, to determine his restitution order, instead of the Mandatory Victim Restitution Act ("the MVRA"), 18 U.S.C. § 3664(a), *et seq.* To sustain such a claim, Hotte must demonstrate that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Hotte has failed to show that his counsel's representation fell below any objective standard of reasonableness. A reasonable attorney at his sentencing hearing in 1998 could very well have been concerned that the *ex post facto* clause would limit the application of the MVRA, which was enacted April 24, 1996, to Hotte's fraudulent scheme, which ended, at the latest, in early 1996, and therefore preferred that Hotte's restitution order be governed by the VWPA. *See, e.g., United States v. Thompson*, 113 F.3d 13, 15 n. 1 (2d Cir.1997) (noting in dicta that, "even if the MVRA was in effect when [the defendant] was convicted, application of the new amendments to this case would be barred by the *ex post facto* clause of the United States Constitution."); *see also United States v. Rezaq*, 134 F.3d 1121, 1140–41 n. 13 (D.C.Cir.1998) (noting in dicta that retroactive application of the MVRA would violate the *ex post facto* clause); *United States v. Edwards*, 162 F.3d 87, 91 (3d Cir.1998) (holding that retroactive application of the MVRA violated the *ex post facto* clause); *United States v. Baggett*, 125 F.3d 1319, 1322 (9th Cir.1997) (same). Moreover, Hotte has failed to demonstrate that he was prejudiced by his attorney's allegedly deficient performance. The factors that a court must consider when ordering restitution are substantially similar in both the VWPA and the MVRA, and both require a court to consider "the amount of loss sustained by each victim as a result of the offense," as the VWPA words it, or "a complete accounting of the losses to each victim," as the MVRA describes this requirement. *Compare* 18 U.S.C. § 3663(a)(1)(B)(i)(I) *with* 18 U.S.C. § 3664(a).

We have considered Hotte's remaining arguments and find them to be without merit. We therefore affirm the district court's order.