10-4734-cr
United States v. Hiralall

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of December, two thousand eleven.

PRESENT:  REENA RAGGI,
         SUSAN L. CARNEY,
                  *Circuit Judges*,
         MARK R. KRAVITZ,
                  *District Judge*.[*]

-----------------------------------------------------------------------------------

UNITED STATES,

                   *Appellee*,

            v.                                          No. 10-4734-cr

MEERADAI HIRALALL,

                   *Defendant-Appellant*,

            v.

AMAR KUMAR BALKARAN,

                   *Defendant*.[**]

-----------------------------------------------------------------------------------

[*] Judge Mark R. Kravitz of the United States District Court for the District of Connecticut, sitting by designation.

[**] The Clerk of the Court is directed to amend the official caption to read as shown above.

FOR APPELLANT:          Frederick H. Cohn, Esq., New York, New York.

FOR APPELLEE:           Winston M. Paes, Susan Corkery, Assistant United States Attorneys, Of Counsel, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 15, 2010, is AFFIRMED.

Defendant Meeradai Hiralall, who was sentenced to 24 months' imprisonment, three years' supervised release, and $1,435,307.11 in restitution for her commission of food stamp fraud, see 7 U.S.C. § 2024(c), challenges the restitution component of her judgment on the grounds that (1) her fraudulent conduct did not cause the United States any loss, and (2) the district court failed to consider her ability to pay. "We review an order of restitution deferentially, and we will reverse only for abuse of discretion. To identify such abuse, we must conclude that a challenged ruling rests on an error of law, a clearly erroneous finding of fact, or otherwise cannot be located within the range of permissible decisions." United States v. Aumais, 656 F.3d 147, 151 (2d Cir. 2011) (internal quotation marks omitted). We assume familiarity with the underlying facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. <u>Loss to the United States</u>

Hiralall pleaded guilty to orchestrating a scheme whereby, as the proprietor of a grocery store approved to participate in the federal food stamp program, she bought food stamps with cash, usually paying only a fraction of the full value that she received from the United States upon redemption. Although Hiralall admits that the United States was the victim of her fraud and that she diverted $1,435,307.11 in food stamps from their intended use, she maintains that she should not have been ordered to pay restitution under 18 U.S.C. § 3663 because the United States did not sustain a loss. As Hiralall reasons, regardless of whether food stamp recipients use their benefits legitimately or illegitimately, the United States receives nothing in return; therefore, "the government, in terms of pecuniary loss, was in exactly the same position after the fraud, that it would have been had there been no fraud." Def.'s Br. 6.

This court has previously rejected this argument, holding that when food stamps are converted into cash, the United States suffers a loss because federal program benefits are diverted from their intended use. <u>See</u> <u>United States v. Uddin</u>, 551 F.3d 176, 179–81 (2d Cir. 2009) (affirming district court's restitution order calculating total loss caused by food stamp fraud in terms of the estimated amount of food stamps converted into cash); <u>United States v. Cheng</u>, 96 F.3d 654, 657–58 (2d Cir. 1996) (affirming district court's order of restitution based on "actual loss" to United States, <u>i.e.</u>, amount of government benefits diverted from intended use). Thus, the district court appropriately determined that the government sustained a loss and that Hiralall should pay restitution under 18 U.S.C. § 3663.

2.      Ability to Pay

Hiralall contends that the district court erred by failing to consider her ability to pay. See 18 U.S.C. § 3663(a)(1)(B)(i) ("The court, in determining whether to order restitution under this section, shall consider . . . the financial resources of the defendant [and] the financial needs and earning ability of the defendant and the defendant's dependents . . . ."). Hiralall did not raise this objection at sentencing, and we therefore review for plain error. See United States v. Marino, 654 F.3d 310, 316 (2d Cir. 2011).  We identify no such error here because the district court considered Hiralall's ability to pay restitution.

Specifically, the district court adopted the Presentence Investigation Report's ("PSR") findings, with one amendment in defendant's favor, regarding Hiralall's net worth and monthly cash flow. See United States v. Thompson, 113 F.3d 13, 15 (2d Cir. 1997) (stating that district court's adoption of PSR that adequately sets forth defendant's financial resources and earning ability "tends to support a finding that the court in fact considered the [statutory] factors" (internal quotation marks omitted)).  The PSR's amended findings establish that Hiralall had a net worth of $275,761.20, and Hiralall did not submit opposing evidence of restricted future earning capacity. See United States v. Ben Zvi, 242 F.3d 89, 100 (2d Cir. 2001) ("[I]n the absence of a defendant showing a restricted future earnings potential by a preponderance of the evidence, it is entirely reasonable for a district judge to presume future earnings in ordering restitution.").  Finally, the district court imposed a payment schedule—$25 per quarter while in custody, and 10% of her monthly gross income upon release—that accommodated Hiralall's inability to pay the restitution immediately.  In sum,

4

the district court satisfied its § 3663(a)(1)(B)(i) obligation to consider Hiralall's ability to pay in ordering restitution.

3.    Conclusion

For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court