UNITED STATES of America, Appellee,

v.

Melissa HARRIS, Defendant–Appellant.

Docket No. 00–1682.

United States Court of Appeals, Second Circuit.

Argued: Oct. 25, 2001.

Decided: Aug. 28, 2002.

---

David W. Windley, Brooklyn, NY, for Appellant–Defendant.

James Tatum, Jr., Assistant United States Attorney (Alan Vinegrad, United States Attorney, Eastern District of New York; Emily Berger, Assistant United States Attorney, of counsel), Brooklyn, NY, for Appellee.

Before: VAN GRAAFEILAND, WINTER, and SACK, Circuit Judges.

PER CURIAM:

Defendant Melissa Harris appeals from the sentence imposed by the United States District Court for the Eastern District of

New York (Joanna Seybert, *Judge*) after the defendant pled guilty to intentionally gaining access to her employer's computer without authorization and in violation of 18 U.S.C. § 1030(a)(2)(B). The district court sentenced the defendant to three months in prison, three months of home detention, three years of supervised release, and a special assessment of $100. The district court also ordered the defendant to pay restitution in the amount of $ 435,895.15 and at the rate of ten percent of her monthly net income during the term of her supervised release, with the balance due at the end of her supervision period. Although we reject the defendant's argument that the amount of her restitution order provides ground for relief, we agree that the district court improperly imposed a restitution payment schedule without considering, affirmatively and on the record, the factors specified by 18 U.S.C. § 3664(f)(2). We also conclude that the district court did not consider, affirmatively and on the record, the defendant's ability to pay when it ordered the balance of her restitution amount due in full at the end of her supervision period. We therefore vacate the restitution order and remand the case for resentencing.[1]

## BACKGROUND

The defendant was arrested after she gained access to her employer's computer without authorization in order to obtain the Social Security numbers of individuals who were the targets of a credit-card fraud scheme. On June 6, 2000, pursuant to a plea agreement, the defendant waived indictment and pled guilty to a one-count information accusing her of violating 18 U.S.C. § 1030(a)(2)(B).

At the defendant's September 15, 2000, sentencing hearing, the district court stated that it had read the defendant's presentence investigation report, which lists the defendant's assets. After the district court imposed a sentence of three months in prison, three months of home detention, and three years of supervised release, it found that the defendant was obligated to pay $ 435,895.15 in restitution, and specified that the defendant must pay this amount at the rate of ten percent of her net monthly income. The district court then imposed a $ 100 assessment fee. Finally, the district court declined to impose a fine, stating that "[t]he fine would be unduly harsh in view of the tremendous amount of restitution this defendant is required to pay." The sentencing order signed by the district court specified that the balance of the defendant's restitution amount will be due in full at the completion of the three-year supervision period.

## DISCUSSION

### I. Standard of Review

 In reviewing an order specifying the manner in which a defendant must pay restitution, this Court must first determine whether the sentencing judge considered the factors specified at 18 U.S.C. § 3664(f)(2).[2] *United States v. Porter*, 90

---

1. Although the defendant in her brief also challenged the district court's choice not to grant her a downward departure for extraordinary family circumstances, the parties agreed at oral argument that this issue is moot because the defendant has already served her term of incarceration.

2. That statute provides:

> Upon determination of the amount of restitution owed to each victim, the court shall ... specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of—
> (A) the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;

F.3d 64, 67 (2d Cir.1996).[3] If we determine that the record does not establish that the sentencing judge considered the factors, we must vacate the restitution order and remand the case for resentencing. *Id.* If, however, we are satisfied that the required factors were considered, we then review any findings resulting therefrom for clear error, and we review the district court's choice of a restitution payment schedule for abuse of discretion. *Id.* at 68.

## II. Consideration of the Statutory Factors

The defendant argues that her restitution order was improper because it was harsh and because the district court failed to consider the requisite statutory factors. Regarding the defendant's first argument, we hold that any potential harshness or excessiveness of the total restitution amount cannot provide grounds for vacatur because the imposition of restitution at the amount of the victims's losses was mandatory in this case. The defendant's crime was against property in which identifiable victims suffered pecuniary loss, and thus the district court was required to order restitution and determine the amount thereof without consideration of the economic circumstances of the defendant. 18 U.S.C. §§ 3663A(c)(1), 3664(f)(1)(A). When restitution is mandatory, the amount of restitution can only be challenged on the ground that it does not reflect the losses to victims. *See id.*

§ 3664(f)(1)(A). The defendant makes no such assertion.

On the other hand, we agree with the defendant that the record does not demonstrate that the district court considered the requisite statutory factors before imposing a restitution payment schedule of ten percent of the defendant's net monthly income. Although a district court need not make detailed findings, we will not affirm the selection of a restitution schedule unless the record contains some "affirmative act or statement allowing an inference that the district court considered the defendant's ability to pay." *United States v. Kinlock,* 174 F.3d 297, 300 (2d Cir.1999) (citation and internal quotation marks omitted). We find no such affirmative act or statement on the record before us. Although the district court stated that it had read the presentence investigation report, we have held that a court's mere reading of the report does not indicate that the court considered its contents for these purposes. *See United States v. Thompson,* 113 F.3d 13, 15–16 (2d Cir.1997). Similarly, the district court's decision not to impose a fine does not support the requisite inference because it was not accompanied by a statement indicating that it was based at least in part on a consideration of the defendant's ability to pay. *See United States v. Soto,* 47 F.3d 546, 551 (2d Cir. 1995). Although the district court stated that a fine "would be unduly harsh in view of the tremendous amount of restitution

---

(B) projected earnings and other income of the defendant; and
(C) any financial obligations of the defendant; including obligations to dependents.
18 U.S.C. § 3664(f)(2).

**3.** Congress's passage of the Mandatory Victim Restitution Act in 1996 has introduced a touch of confusion into our caselaw. In *Porter* we cited to § 3664(a), *see* 90 F.3d at 67, the

provisions of which were amended by the act. We have held, however, that the standard of review applicable to pre 1996 § 3664(a) is the same as that applied to the current § 3664(f)(2). *United States v. Kinlock,* 174 F.3d 297, 300 n. 2 (2d Cir.1999). This is true even though *Kinlock* identifies § 3664(f)(2) as "18 U.S.C. § 3664(a)(1)(B)(2)," a provision that appears technically not to exist. *See Kinlock,* 174 F.3d at 299.

this defendant is required to pay," Hr'g Tr., Sept. 15, 2000, at 42, that statement does not indicate whether the district court thought that the restitution amount was large as compared with the defendant's means or with the gravity of her crime. Although the "affirmative act or statement" requirement is relatively easy to meet, allowing it to be met by such an ambiguous statement would render the statutory command advisory.

It is also not entirely clear on what basis the district court decided that the restitution is due in full at the end of the defendant's three-year supervision period. For obvious reasons, the defendant is unlikely at best to be able to pay at that time what will by then probably be in excess of $400,000. We therefore also direct the district court on remand to reconsider the date on which restitution is due in full and for it to explain on the record the reason for selecting that date.

### CONCLUSION

For the foregoing reasons, the defendant's restitution order is vacated, and the case is remanded for re-sentencing.