**UNITED STATES of America,**
**Appellee,**

v.

**Wilbur S. STAKES, Defendant–**
**Appellant.**

**Docket No. 02–1146.**

United States Court of Appeals,
Second Circuit.

Jan. 17, 2003.

John Voorhees, Patton Boggs LLP, Denver, CO, for Appellant.

Burton Ryan, Assistant United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Present: F.I. PARKER, STRAUB, and B.D. PARKER, Jr., Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is VACATED and REMANDED in part and AFFIRMED in part.

Defendant-appellant Wilbur Stakes appeals from the district court's February 1, 2002 judgment, subsequent to his pleading guilty to conspiracy to commit mail fraud and bank fraud in violation of 18 U.S.C. §§ 371, 1341 and 1344. The court imposed a sentence of 18 months' incarceration, three years' supervised release, a $50 special assessment and restitution to the Federal Deposit Insurance Company ("F.D.I.C.") in the amount of $16 million. Stakes appeals his sentence and the restitution amount, arguing that (1) the district court failed to follow the mandatory restitution factors set out in 18 U.S.C. § 3664 and (2) the court erred when it failed to make a particularized finding regarding the scope of defendant's involvement in the crime when calculating his sentence.

Generally, we review a sentencing court's order of restitution for abuse of discretion. *United States v. Berardini,* 112 F.3d 606, 609 (2d Cir.1997). However, "[i]n reviewing an order specifying the manner in which a defendant must pay restitution, this Court must first determine whether the sentencing judge considered the factors specified at 18 U.S.C. § 3664(f)(2)." *United States v. Harris,* 302 F.3d 72, 74–75 (2d Cir.2002). Further, *Harris* tells us that "[i]f we determine that the record does not establish that the sentencing judge considered the factors, we must vacate the restitution order and remand the case for resentencing." *Id.* at 75.

At no point in the sentencing hearing did the court mention the mandatory § 3664 factors. Nevertheless, the government argues that because those issues were addressed in the defendant's Presentence Report ("PSR"), and the court referred repeatedly to the PSR (albeit with respect to sentencing issues unrelated to restitution), the court must have considered those factors. However, "a court's mere reading of the report does not indicate that the court considered its contents for these purposes." *Id.* (vacating restitution order when record failed to show "some affirmative act or statement allowing the inference that the district court considered the defendant's ability to pay") (citations and internal quotation marks omitted).

The government points to a post-sentencing hearing, at which, in response to Stakes's argument that bail pending appeal should be granted because the restitution order was illegal, the district court stated that it had "considered Defendant's Presentence Report, which states defendant's net worth to be $138,062, a not inconsiderable sum." Even assuming that § 3664(f)(2) permits the district court to give consideration to the mandatory restitution factors after the defendant has already been sentenced and restitution ordered—a dubious proposition for which the government offers no authority—the ex post statement in this case referred, at most, to just one of the many factors mandated under § 3664(f)(2). *See United States v. Giwah,* 84 F.3d 109, 114 (2d Cir.1996) (vacating restitution order even though district judge "did consider the defendant's ability to pay" because nonetheless "[t]here must ... be a sufficient basis in the record for this court to infer that all of the [statutory] factors have been considered"). We find no evidence in the record indicating that the district court consid-

ered the mandatory factors, therefore we vacate the restitution order and remand for resentencing.

■ Defendant also argues that the court should have made a particularized finding regarding the scope of his involvement in the criminal fraud, relying primarily on *United States v. Studley*, 47 F.3d 569 (2d Cir.1995) (interpreting and applying U.S.S.G. § 1B1.3). However, Stakes fails to recognize that in *Studley*, the defendant objected at sentencing to being held responsible for the entire $120,000 amount netted by the telemarketing scam, arguing that "the actions of the other employees of the telemarketing operation were not 'jointly undertaken criminal activity' within the meaning of section 1B1.3(a)(2), and therefore ... he should be liable only for the estimated $ 5,000— $ 10,000 loss he caused himself." *Studley*, 47 F.3d at 570. By contrast, at sentencing, Stakes acknowledged that the $16 million loss to the F.D.I.C. was caused by the very conspiracy of which he was convicted—thereby waiving the issue and rendering *Studley* factually inapposite. Thus, the district court did not err by declining to make a particularized finding on this issue.

For the reasons we have stated, that portion of the judgment ordering restitution is VACATED and REMANDED for resentencing consistent with § 3664 and *Harris*. The other aspects of the judgment are AFFIRMED.