Leonard Parker, Defendant–Appellant.

Docket No. 03–1050.

United States Court of Appeals, Second Circuit.

Nov. 21, 2003.

**UNITED STATES of America,**
**Appellee,**

v.

**Latoya GREEN, Diane Williams, Robin**
**Collins, Tijuana Hyndman,**
**Defendants,**

William C. Komaroff, Assistant United States Attorney (Celeste L. Koeleveld, Assistant United States Attorney, on the

brief), for James B. Comey, United States Attorney for the Southern District of New York, New York, NY, for Appellee United States.

Ira D. London (Avrom Robin, on the brief), New York, NY, for Defendant–Appellant Leonard Parker.

PRESENT: MCLAUGHLIN, KATZMANN, Circuit Judges, and SCHEINDLIN,* District Judge.

## Summary Order

The Defendant, Leonard Parker, was sentenced on June 19, 2000, to one year and a day in custody and a 5–year term of supervised release. The district court also ordered Parker to pay restitution in the amount of $1,371.66 monthly. Parker was released from prison on June 29, 2001. During the following ten months, he made one restitution payment of $100. On April 24, 2002, the Probation Department for the United States District Court for the Southern District of New York ("Probation") submitted a request for court action seeking to revoke Parker's supervised release. The petition asserted as a basis for revocation not only Parker's failure to pay but also his alleged failures to submit information about his financial condition and otherwise to cooperate with Probation's efforts to ascertain his financial status. In subsequent communications with the district court, Parker claimed (through counsel) that his failure to pay was the result of mental disorders, including depression and post-traumatic stress disorder. As a result, the district court directed the Government to obtain psychological evaluations of Parker, and the Government complied.

Thereafter, Parker appeared for a November 4, 2002, revocation hearing before

---

* The Honorable Shira Scheindlin of the United States District Court for the Southern District   of New York, sitting by designation.

the district court, at which he admitted to violating "specification one" of Probation's petition, which was the allegation that he had failed to make monthly restitution payments. The Court deferred sentencing pending a determination as to whether Probation could locate an appropriate residential treatment facility where Parker might be sentenced in lieu of prison.

Parker appeared again before the district court on January 27, 2003. In the intervening time, Parker had voluntarily spent a month in a residential treatment facility. At the January hearing, the district court first explained that its basis for revocation of supervised release was not only Parker's failure to pay restitution, but also his failure to cooperate with Probation. It rejected Parker's argument that he had failed to pay restitution or to cooperate with Probation because of his mental illness. The district court then considered whether Parker would be able to comply with the original order of restitution if it were reinstated. Ultimately, the district court sentenced Parker, without explanation, to twenty-four months' imprisonment and reimposed the original restitution schedule. In describing Parker's obligation, the district court noted:

> [T]he restitution originally imposed ... of $1,371.66 is reimposed each and every month that his financial condition, as determined by the department of probation, makes such payments financially possible. If payments in that amount are not possible, then payments obviously in a lesser amount as determined by the probation department would be appropriate. But again, that determination cannot be made until Mr. Parker or his attorneys decide to provide appropriate information for the department of probation to make the adjustments that the Court has directed.

On appeal, Parker offers a three-pronged attack. He first contests the validity of the revocation itself, arguing that his failure to pay was not willful but rather the result of his disability. He next disputes the substance of the district court's restitution order and the procedure the district court followed in imposing it. Lastly, he claims that the district court failed to explain why it was imposing the sentence it chose and that the sentence was unreasonable.

Parker bases his first contention on the holding of the Supreme Court in *Bearden v. Georgia*, 461 U.S. 660, 668–69, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), that it is unconstitutional to imprison a probationer for failure to pay a fine or restitution, unless the sentencing court determines that the failure to pay was willful or that there are not "adequate alternative methods" of punishing the defendant. *Id.* As we have noted, the district court based its decision to revoke supervised release not only on Parker's failure to pay restitution but also on his failure to cooperate. We have never held that a revocation other than one based upon an indigent's failure to pay restitution must be premised on willful conduct. *See United States v. Mercado*, 469 F.2d 1148, 1152–53 (2d Cir.1972) (leaving open whether lack of capacity is a defense to probation revocation).

■ Even assuming, without deciding, that revocation of Parker's supervised release was improper absent a finding of willful conduct, we find no basis for disturbing the district court's conclusion that there was no causal relationship between any of Parker's disabilities and his failure either to pay restitution or to cooperate with Probation and that his behavior was therefore willful.[1] While there was consid-

---

1. We review a district court's factual findings underlying its decision to revoke supervised

erable evidence that Parker is troubled and "non-functional," there was no evidence that he suffers from any volitional impairment. That is, there was no indication that it was Parker's mental illness, rather than his own willfulness, that caused him to refuse to pay restitution or to cooperate with his probation officer. Nor did the district court err in concluding that Parker's decision, *after* the petition had already been filed, to make occasional payments of up to several hundred dollars did not demonstrate "good faith efforts to pay." *Green v. Abrams*, 984 F.2d 41, 46 (2d Cir.1993).

Parker next contests the district court's decision to re-impose the original restitution schedule. We note first that, contrary to Parker's contention, the district court explicitly considered the appropriateness of restitution in light of the factors we outlined in *United States v. Harris*, 302 F.3d 72, 74–75 & n. 2 (2002). "If ... we are satisfied that the required factors were considered, we then review any findings resulting therefrom for clear error, and we review the district court's choice of a restitution payment schedule for abuse of discretion." *Id.* at 75 (citing *United States v. Porter*, 90 F.3d 64, 68 (2d Cir.1996)).

■ The restitution ordered here, although substantial, was not an abuse of discretion. Parker receives a monthly veteran's benefit of $2,900. As to his expenses, Parker maintains that he pays $800 in rent per month to his parents, but given that this expense was substantiated only by affidavit, the district court was justified in doubting its legitimacy. Parker also claims that he has other expenses, including telephone, cable, and car payments, but these expenses are either poorly documented or non-essential. The district court, therefore, did not clearly err in

determining that Parker had sufficient means to make monthly payments of up to $1,371.66.

■ We are, however, of the view that the district court impermissibly delegated to Probation its authority in setting defendant's payment schedule. The district court's order of Judgment and Conviction specifically states: "If payments in that amount are not possible, then payments obviously in a lesser amount as determined by the Probation Department would be appropriate." This is an impermissible delegation of a judicial function which by itself would warrant remanding this case to the district court for re-sentencing. *See United States v. Porter*, 41 F.3d 68, 71 (2d Cir.1994) (holding that a district court may not delegate to a probation officer the responsibility to set a payment schedule as that would impermissibly delegate judicial functions inherent in the setting of restitution).

The Government argues that the last sentence of the district court's order distinguishes this case from *Porter*. That sentence states: "But again, that determination cannot be made until Mr. Parker or his attorneys decide to provide appropriate information for the Department of Probation to *make the adjustments that this court has directed.*" (emphasis added). The Government cites *United States v. Hayes*, 135 F.3d 133, 139 (2d Cir.1998), for the proposition that a district judge may permissibly contemplate issuing additional orders regarding a payment schedule after receiving supplemental information from Probation. But here, the district court gave Probation the authority to adjust the payment schedule in its discretion and without the need for an additional order from the district court. For this reason

release for clear error. *United States v.*

*Thomas*, 239 F.3d 163, 168 (2d Cir.2001).

alone, the sentence of the district court must be vacated and remanded.

■ In addition, we are unable to determine on the record before us whether the district court properly exercised its discretion in sentencing Parker to a 24–month term of imprisonment. The Sentencing Guidelines offer a non-binding recommendation of three to nine months for minor violations of the type alleged against Parker. U.S.S.G. § 7B1.4 (2002). "[W]e will uphold the district court's sentence if (1) the district court considered the applicable policy statements; (2) the sentence is within the statutory maximum; and (3) the sentence is reasonable." *United States v. Pelensky*, 129 F.3d 63, 69 (2d Cir.1997) (internal quotation marks omitted).

We agree with Parker that "there is no indication in the record that the district court considered the applicable range." The Government contends that, since the petition forwarded by Probation made mention of the relevant range, the district court must have considered it. We have rejected a similar logic in the analogous circumstance of a district court's failure to "consider[ ]" the factors underlying an order of restitution. *Harris*, 302 F.3d at 75. "[A] court's mere reading of the [PSR] does not indicate that the court considered its contents for these purposes." *Id.*

In the absence of any explanation, we are similarly stymied in our effort to review the reasonableness of the district court's sentencing decision. Indeed, although Parker does not explicitly raise the point, it is settled law that a district court, in imposing a sentence, must provide a sufficient statement of reasons to permit meaningful appellate review. *See, e.g., United States v. Zackson*, 6 F.3d 911, 923 (2d Cir.1993); *see also* 18 U.S.C. § 3553(c) ("The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence

. . . ."); *cf. United States v. Jeffers*, 329 F.2d 94, 101–02 (2d Cir.2003) (holding that district court must explain its resolution of factual or legal disputes at sentencing with sufficient clarity to permit appellate review). Accordingly, we must remand to the district court for an explanation of its reasons for sentencing, and for more express consideration of the recommendations of the Guidelines.

Therefore, for the reasons stated above, the judgment of the district court is hereby Vacated and Remanded for further proceedings consistent with this Order.