**UNITED STATES of America,**
**Appellee,**

v.

**Agron GJIDIJA, Defendant–Appellant.**

**No. 04–5628–cr.**

United States Court of Appeals,
Second Circuit.

Dec. 11, 2006.

58

Don Savatta, New York, NY, for Appellant.

Elizabeth F. Maringer, Assistant United States, Attorney (Joshua Goldberg & Katherine Polk Failla, Assistant United States Attorneys, of counsel; Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief), New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WALKER, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Agron Gjidija appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York (Keenan, J.), sentencing him principally to 204 months imprisonment and $416,890 in restitution for his role in a robbery gang in violation of 18 U.S.C. § 1951, 18 U.S.C. § 1952, and 18 U.S.C. § 924(c). We assume the parties' familiarity with the facts, procedural background and issues presented for review.

Because the government concedes the appealability of the restitution order notwithstanding a waiver of certain appeal rights in Gjidija's plea agreement, we need not reach this issue.

■ Gjidija contends that in ordering restitution, the district court was required to consider [i] the amount of loss sustained by each victim, [ii] Gjidija's financial resources, and [iii] other compensation received by the victims. Because Gjidija failed to raise his objections in the district court's sentencing proceedings, the restitution order is reviewed only for plain error. *See United States v. Boyd,* 222 F.3d 47, 49 (2d Cir.2000) *(per curiam ).*

■ As Gjidija's were indisputably crimes of violence, a restitution order was mandatory. 18 U.S.C. § 3663(a)(1)(A) (citing 18 U.S.C. § 3663A(c) (citing 18 U.S.C. § 16)). "When restitution is mandatory, the amount of restitution can only be challenged on the ground that it does not reflect the losses to victims." *United States v. Harris,* 302 F.3d 72, 75 (2d Cir. 2002) *(per curiam ).* Moreover, [ii] and [iii] are statutorily barred from consideration. 18 U.S.C. § 3664(f)(1)(A) & (B).

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**