07-3546-cr
United States v. Gjidija

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OF AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel P. Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of March, two thousand and ten.

PRESENT:   PIERRE N. LEVAL,
           PETER W. HALL,
           GERARD E. LYNCH,
                         *Circuit Judges.*
-----------------------------------------------------------------x
United States of America,
                         *Appellee,*


        -v.-                                        No. 07-3546-cr


Naim Gjidija, [1]


                         *Defendant-Appellant.*
-----------------------------------------------------------------x

Appearing for Appellant:          MALVINA NATHANSON, New York, New York.

Appearing for Appellee:           MICHAEL LUEBY (Katherine Polk Failla,
                                  Elizabeth F. Maringer, *on the brief*), Assistant

---

[1]There has been understandable confusion over the procedural posture of this case. However, because we here determine that this is a direct appeal from a final judgment of conviction that has not been challenged in collateral proceedings, we ask the Clerk of Court to conform the caption of this appeal to that of the caption of the original district court case in which the final judgment considered in this appeal was entered.

1

United States Attorney, for Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Keenan, *J.*). **UPON DUE CONSIDERATION,** it is hereby **ORDERED, ADJUDGED, AND DECREED** that the decision of the district court is **AFFIRMED AS MODIFIED.**

Naim Gjidija appeals from a judgment of conviction entered on July 16, 2007, sentencing him to 132 months imprisonment and ordering him to pay $841,890 in restitution upon a plea of guilty to multiple counts of robbery and burglary, one count of felon in possession of a firearm, and one count of mail fraud. Gjidija asserts that the order of restitution must be vacated because it failed to identify the amounts of loss attributable to each individual victim as prescribed by 18 U.S.C. § 3664(f)(1)(A). Gjidija also argues that his counsel provided constitutionally ineffective legal representation in failing to object to the order of restitution during sentencing.

We construe Gjidija's appeal to this court as a direct appeal of the sentence imposed in his criminal case, despite a complicated procedural path. Gjidija was sentenced on October 13, 2004, and the district court entered the judgment the following day. Gjidija sought to appeal on the ground that the total dollar amount of restitution was miscalculated by the district court. He argued that although his plea agreement stipulated that he would not appeal the sentence, it did not so constrict him as to an appeal of the amount of restitution. To pursue these claims, Gjidija's appellate counsel, who was also his trial counsel, filed a timely notice of appeal on October 26, 2004. Soon thereafter Gjidija's counsel was arrested and indicted on charges of racketeering, conspiracy to commit murder, and obstruction of justice. Gjidija's counsel neglected to perfect the

2

appeal. This court issued a mandate on October 18, 2005 dismissing the appeal. On June 16, 2006, citing 28 U.S.C. § 2255, Gjidija moved before the district court to vacate his conviction on the grounds that he received constitutionally ineffective counsel when his appellate counsel failed to perfect his appeal. The government agreed that Gjidija's counsel was ineffective and asked the district court to vacate the sentence and to re-enter judgment so as to allow Gjidija to pursue a direct appeal on the question of restitution. The government also requested that the district court appoint counsel for Gjidija under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A(b), to assist him with the appeal. On July 16, 2007 the district court granted Gjidija's motion, vacated the October 2004 sentence and entered a new judgment imposing the identical sentence. The court also ordered that CJA counsel be appointed to represent Gjidija. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Gjidija asserts that pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, the restitution order entered by the district court was required to itemize the restitution owed to each individual victim, specifying the exact amount of restitution each victim is due. Gjidija asserts that the district court entered a "blanket" order of restitution awarding the named victims a total of $841,890 in restitution, but without identifying the loss amounts attributable to each victim. Because Gjidija did not object to the order of restitution during the sentencing proceedings we review this argument for plain error. *See* Fed R. Crim. P. 52(b); *United States v. Boyd*, 222 F.3d 47, 49 (2d Cir. 2000); *cf. United States v. Helmsley*, 941 F.2d 71, 98 (2d Cir. 1991) ("[I]f a defendant fails to object to certain information in the presentence report, [he] is barred from contesting the sentencing court's reliance on that information, unless such reliance was plain error."). "A finding of plain error requires '(1) error, (2) that is plain, and (3) that affects the

3

defendant's substantial rights.'" *United States v. Gomez,* 580 F.3d 94, 100 (2d Cir. 2009) (quoting *United States v. Carter,* 489 F.3d 528, 537 (2d Cir. 2007)). If the first three criteria are met, this court will exercise its discretion to remedy the error "provided that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Carter,* 489 F.3d at 537. Given the terms of the restitution order and the fact that it is grounded on information set out in the presentence report ("PSR"), there is no plain error to be reviewed.

The district court ordered restitution in the amount of $841,890, specifying that "[e]ach [restitution] payment made by the defendant shall be divided amongst the persons named in proportion to their compensable injuries." The total amount of restitution recommended in the PSR was $841,890. That total represents the sum of the dollar-specific losses attributed to specific victims as presented in the PSR.[2] It was permissible for the court to rely upon the PSR in apportioning the restitution award. The MVRA stipulates that to determine an accurate figure of restitution "the court shall order the probation officer to obtain and include in its presentence report . . . information sufficient for the court to exercise its discretion in fashioning a restitution order." 18 U.S.C. § 3664(a). "After reviewing the report of the probation officer, the court may require additional documentation or hear testimony." 18 U.S.C. § 3664(d)(4). "Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of loss . . . shall be on the attorney for the Government." 18 U.S.C. § 3664(e). Given the terms of the restitution order and its dollar calculation and repayment distribution by reference to the individual losses set out in the PSR,

---

[2]The PSR specified a loss amount of $425,000 from an insurance scheme perpetrated by Gjidija, $407,000 that resulted from a jewelry store robbery, $4,890 attributed to an April, 1997 robbery, and $5,000 that was not attributed to a specific offense.

4

Gjidija's claim that the district court ordered an impermissible 'blanket' restitution award is without merit.

In the alternative, Gjidija asserts the district court erred by relying upon a PSR that lacked sufficient documentation to support the loss amounts calculated therein. Applying the plain error standard, we hold that this claim also fails as Gjidija has proffered no affirmative evidence showing that the amounts of restitution calculated by the Government and adopted by the district court do not represent the losses suffered by the victims. *See United States v. Harris,* 302 F.3d 72, 75 (2d Cir. 2002) ("When restitution is mandatory, the amount of restitution can only be challenged on the ground that it does not reflect the losses to victims.") (citing 18 U.S.C. § 3664(f)(1)(A)). We assume *arguendo* that the reliability of the loss amounts calculated in the PSR would have benefitted from supplemental documentation, and we further assume that such documentation should be readily available from victims of robbery and burglary. Nonetheless, Gjidija still has failed to make any affirmative showing that would allow this court to conclude that the district court's restitution award does not represent the victim's losses. For those reasons we cannot find that any error in the PSR loss calculation was "plain" and "affected [Gjidija's] substantial rights." *Gomez,* 580 F.3d at 100.

As evidence of plain error Gjidija relies upon the government's concession that of the $841,890 in restitution recommended in the PSR, $5,000 of that sum is unattributable to any victim. Given that concession, we agree that the PSR, in this limited respect, is deficient. Accordingly, we modify the award to reduce it to $836,890. 28 U.S.C. § 2106. We decline, however, to equate an error that amounts to less than one one-hundredth of the total restitution

award with 'plain error' in the calculation of that award as a whole. The award of restitution ordered by the district court is affirmed as modified by this order.

Gjidija also claims that his trial attorney was constitutionally ineffective in failing to object to the order of restitution during sentencing. This court has "a baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Morris,* 350 F.3d 32, 39 (2d Cir. 2003 ) (quoting *United States v. Salameh*, 152 F.3d 88, 161 (2d Cir. 1998)). The Supreme Court prefers that ineffective assistance of counsel claims be resolved under 28 U.S.C. § 2255, rather than on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). Deferring to this guidance, we decline to consider the merits of Gjidija's ineffective assistance of counsel claim.

We take this opportunity to clarify that Gjidija is not foreclosed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") from filing a petition for habeas corpus seeking review of the judgment affirmed in this appeal. *See Stewart v. Martinez-Villareal,* 523 U.S. 637, 641 (1998) ("In AEDPA, Congress established a 'gatekeeping' mechanism for the consideration of 'second or successive habeas corpus applications' in the federal courts. An individual seeking to file a 'second or successive' application must move in the appropriate court of appeals for an order directing the district court to consider the application.") (internal citation omitted). The district court's July 16, 2007 disposition of Gjidija's motion for habeas corpus relief was to vacate its November 2004 order and enter an identical new order so as to permit this appeal to be reinstated. Gjidija, therefore, has yet to attack collaterally the final judgment that we have now affirmed. *See Vasquez v. Parrott*, 318 F.3d 387, 391 (2d Cir. 2003) ("[A] habeas petition that asks the court to reenter a judgment so as to give a prisoner who has missed the deadline for filing an appeal a renewed

6

opportunity to appeal . . . does not count for the purposes of the second or successive petition rule because it does not attack the judgment.").

The judgment of the district court is AFFIRMED except to the extent that the award of restitution is MODIFIED in accordance with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk