16-2139-cr
*United States of America v. Galan*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand eighteen.

PRESENT:
>    DEBRA ANN LIVINGSTON,
>    SUSAN L. CARNEY,
>        *Circuit Judges,*
>    EDWARD R. KORMAN,
>        *District Judge.\**

———————————————————————

UNITED STATES OF AMERICA,

>        *Appellee,*

>    v.                                                                    16-2139-cr

EDUARDO GALAN,

>        *Defendant-Appellant.*

———————————————————————

For Appellee:                          TIFFANY H. LEE (Joseph J. Karaszewski, *on the brief*), *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

---

\* Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

For Defendant-Appellant: STEVEN Y. YUROWITZ, Newman & Greenberg LLP, New York, New York.

Appeal from an amended judgment of the United States District Court for the Western District of New York (Geraci, *C.J.*) entered August 7, 2017.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment of the district court is **AFFIRMED**.

Defendant-Appellant Eduardo Galan appeals from an August 7, 2017 amended judgment of the United States District Court for the Western District of New York (Geraci, *C.J.*), sentencing Galan to a below-Guidelines sentence of 36 months' imprisonment and, central to Galan's appeal, ordering Galan to pay $1,102,951.06 in restitution, exceeding the plea agreement's restitution figure of $1,098,567.26 (albeit by less than $4,400) and Probation's restitution calculation of $1,090,978.52 (by less than $12,000). Galan asserts that the district court erred in ordering – and the government breached its plea agreement by requesting – $1,102,951.06 in restitution because that figure exceeded the plea agreement's and presentence report's restitution amounts. Galan thus seeks vacatur of the amended judgment in its entirety, including the amount of restitution, and resentencing before a new judge. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I. Background

In Galan's plea agreement with the government, he admitted that "from in or about January 2008 to in or about March 2013, he defrauded a total of approximately 18 investors out of a total of approximately $821,912." J.A. 14. Galan "further acknowledge[d] that, from 2005 to the present, at least 38 investors have invested money in [Galan's business], and that such investors

2

are presently owed at least $1,098,567.26. [Galan] agree[d] to pay restitution to such investors []

in the total amount of $1,098,567.26." *Id.* To explain the differences in the loss and restitution

amounts, the government noted that Galan's criminal conduct "resulted in at least $821,000 in

criminal loss to his investors and that number . . . is a conservative number." J.A. 61. That

approximately $821,000 figure "is an actual hard cash figure that these people are out[,]" whereas

"[t]he restitution amount is higher than the loss amount in this case for the simple reason that Mr.

Galan had many investors." *Id.* Unlike the investors reflected in the loss amount, the investors

reflected in the restitution amount "had invested with Mr. Galan, but [the government] can't

determine whether or not that investment was fraudulently induced or was a legitimate investment

that just simply went bad." J.A. 61–62.

In its presentence report, Probation determined that the amount of restitution was

$1,090,978.52, which was slightly less (approximately $8,000) than the plea agreement's

$1,098,567.26 figure. Galan's counsel at sentencing did not challenge Probation's figure, nor did

the government. However, and this is the crux of the appeal, at sentencing the government sought

to add approximately $12,000 to the restitution figure by also including losses incurred by an

investor, Shirley Malloy-Van Cheri. Malloy-Van Cheri passed away and her son, Roger Van

Cheri, testified at Galan's sentencing. The government claimed – and Galan disputes – that it

learned of Malloy-Van Cheri's losses the week of sentencing. For their part, Galan and Galan's

counsel below did not dispute that there was an investment by the Van Cheri family, but Galan

tentatively indicated some potential uncertainty about the precise amount of the debt, claiming that

he "cannot completely agree [about the size of the debt] until [he] see[s] the papers, but the amount,

it shouldn't be that big." J.A. 58. The district court proposed "add[ing] it to the restitution at

this point subject to, obviously, Mr. Galan providing information to Probation that some of that has been paid or taken care of." J.A. 58–59. Galan's counsel replied, "That's fair," and agreed with the district court that the proposal "ma[d]e sense." J.A. 59. Galan never provided any information to Probation indicating that this figure should be reduced. The district court thus added the approximately $12,000 losses incurred by the Van Cheri family to the restitution amount, for a total restitution figure of $1,102,951.06.[1] As noted above, $1,102,951.06 exceeded (by less than $4,400) the restitution figure agreed to in the plea agreement of $1,098,567.26 and Probation's determination of $1,090,978.52 (by less than $12,000).

## II. Discussion

As an initial matter, to the extent that Galan suggests that there was anything improper about Roger Van Cheri speaking at Galan's sentencing, we reject this argument. "The procedures used at sentencing are within the discretion of the district court so long as the defendant is given an adequate opportunity to present his position as to matters in dispute." *United States v. Maurer*, 226 F.3d 150, 151 (2d Cir. 2000) (per curiam). At sentencing, "[t]he Guidelines expressly provide for consideration 'without limitation, [of] any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law.'" *United States v. Silkowski*, 32 F.3d 682, 687–88 (2d Cir. 1994) (quoting U.S.S.G. § 1B1.4). The above authority demonstrates that the district court did not err in allowing Van Cheri's testimony at sentencing.

---

[1] Both parties agree that the restitution order in the original judgment (not at issue on appeal) was defective because it did not detail the specific victims and the amounts they were owed. The district court corrected the error under Federal Rule of Criminal Procedure 36 and invited the parties to submit a written submission if they wished to be heard. Neither party objected – indeed, Galan was again silent as to any errors in the restitution order – and the district court docketed an amended judgment correcting the clerical error.

4

Galan did not dispute that he operated a Ponzi scheme, and it was well within the district court's sentencing discretion to hear Van Cheri's testimony about his late mother's investment losses with Galan as "background, character and conduct" information under U.S.S.G. § 1B1.4.

Turning to the restitution order, Galan did not object to the amount of restitution below, and "[o]ur review is therefore limited to plain error." *United States v. Boyd*, 222 F.3d 47, 49 (2d Cir. 2000) (per curiam) (citing Fed. R. Crim. P. 52(b); *United States v. Helmsley*, 941 F.2d 71, 98 (2d Cir. 1991)); *see also United States v. Caban*, 173 F.3d 89, 92 (2d Cir. 1999) (same); *United States v. Taylor*, 92 F.3d 1313, 1335 (2d Cir. 1996) (same); *United States v. Keppler*, 2 F.3d 21, 23 (2d Cir. 1993) (same). "Under the plain error standard, there must be (1) error, (2) that is plain, and (3) that affects the defendant's substantial rights." *United States v. Carter*, 489 F.3d 528, 537 (2d Cir. 2007) (citing *Johnson v. United States*, 520 U.S. 461, 466–67 (1997)). If all three requirements are present, "we may exercise our discretion to notice the error," but only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Here, the district court proposed adding the approximately $12,000 in losses incurred by the Van Cheri family to the restitution amount "subject to, obviously, Mr. Galan providing information to Probation that some of that has been paid or taken care of." J.A. 58–59. Critically, Galan's counsel conceded "[t]hat's fair," and affirmatively approved of the district court's statement that the proposal "ma[d]e sense." J.A. 59. Furthermore, Galan never followed up on the district court's offer and failed to provide *any* information to Probation or the district court indicating that this figure should be reduced. When the district court proposed unrelated modifications to the original judgment under Federal Rule of Criminal Procedure 36, moreover, the district court gave Galan a third opportunity to object when it invited the parties to submit a

5

written submission if they wished to be heard. For the third time, Galan again said nothing regarding any potential errors in the restitution order. In these circumstances, where Galan has repeatedly consented to the district court's restitution figure, we discern no error in the district court's calculations, much less an error that was plain, and that affects Galan's substantial rights. Nor can we conclude that Galan's belated, *de minimis* challenge to the restitution award constitutes an error "seriously affect[ing] the fairness, integrity, or public reputation of judicial proceedings," as required under the plain error standard to vacate the amended judgment and remand for resentencing. *Carter*, 489 F.3d at 537; *see also United States v. Gjidija*, 369 F. App'x 282, 285 (2d Cir. 2010) (summary order) ("We decline, however, to equate an error that amounts to less than one one-hundredth of the total restitution award with 'plain error' in the calculation of that award as a whole.").

We have considered all of Galan's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the amended judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6